UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joshua Ghalayini,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Patrick Bennet.,<br><br>　　　　　　　Defendant(s). | 2:24-cv-01926-JAD-MDC<br><br>**ORDER DENYING IFP;<br>DEFERRING SCREENING COMPLAINT** |

Pending before the Court are *pro se* plaintiff Joshua Ghalayini's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, the Court DENIES the IFP application WITHOUT PREJUDICE. The Court also DEFERS screening the Complaint.

## DISCUSSION

### I. IFP APPLICATION

#### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

For an inmate to apply for in forma pauperis status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2.

**B. Analysis**

Plaintiff is a prisoner for the purposes of 28 U.S.C. § 1915 because he is in the custody of the Nevada psychiatric facility, Stein Hospital (ECF No. 1-1), located within the Southern Nevada Adult Mental Health Services ("SNAMHS") campus. Plaintiff is charged in a criminal complaint and was remanded to the custody of Stein Hospital for competency evaluation and restoration. *See e.g.* ECF No. 1-1. "The term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The PLRA requires that the individual in question is detained as a result of a criminal offense. *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) (finding person who was civilly committed was not a prisoner under PLRA); *see also Magnuson v. Arizona State Hosp.*, 2010 U.S. Dist. LEXIS 9380, at *2

(D. Ariz. Jan. 20, 2010) (finding person detained in Arizona State Hospital for restoration to competency was a prisoner for PLRA purposes). A review[1] of the state court docket[2] shows that plaintiff is housed at Stein Hospital to restore competency pending trial. Therefore, plaintiff was required to comply with the requirements of the PLRA in completing his IFP application. Thus, the Court denies the IFP application (ECF No. 1) without prejudice.

The Court notes that the most recent filing in the state court shows that there was a transfer order entered on December 9, 2024, to transfer plaintiff from Stein Hospital to Clark County Detention Center. Therefore, to the extent possible, plaintiff should comply with Clark County Detention Center's procedures for obtaining a [1] completed Financial Certificate and a [2] copy of the inmate's prison or jail trust fund account statement for the previous six-month period.  That said, the plaintiff must also address the other issues noted below.

## II. COMPLAINT

### A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the initial complaint. 28 U.S.C. § 1915(e). "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme

---

[1] A court can take judicial notice of material that is referenced extensively or relied upon by the complaint, as well as matters in the public record. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of documents on file in federal or state courts).
[2] *State of Nevada v. Joshua Ghalayini*, Eighth Judicial District Court, Clark County, Nevada, Case No. C-24-380511-1, https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0

Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

### B. Analysis

Plaintiff's claims arise from his detention at Stein Hospital and the threat of being forcibly medicated. *See* ECF No. 1-1. The primary relief sought by Plaintiff is to be released from Stein Hospital so that he can proceed with his criminal case. *Id.* A review of the state court docket shows that some or all of plaintiff's claims may be mooted. On November 13, 2024, the state court entered a minute order stating that the plaintiff was voluntarily taking his medication and was not forced to medicate. The state court docket further notes that the state court entered an order on December 9, 2024, for plaintiff to be transferred out of Stein Hospital to Clark County Detention Center. However, in the interest of fairness to plaintiff and judicial economy, the Court gives plaintiff a chance to amend his complaint to address these matters and whether his claims are moot before substantively screening his claims.

Although the Court defers issuing a substantive screening order at this time, a cursory review of plaintiff's Complaint shows two additional deficiencies. First, plaintiff's complaint fails to give sufficient notice to the defendants, thus violating Rule 8 of the Federal Rules of Civil Procedure. Second, plaintiff failed to establish jurisdiction.

Thus, the Court further directs plaintiff that, when amending his complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure and provide additional facts regarding his claims to give defendants adequate notice about the nature of plaintiff's claims and a clearer statement about the relief plaintiff seeks. The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Thus, plaintiff should provide sufficient information in his amended complaint that would give defendants the notice required under Rule 8. *See Erickson*, 551 U.S. at 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted).

      **a. Federal Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of

federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse *and* [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

### i. Diversity Jurisdiction

Plaintiff failed to establish diversity jurisdiction. Diversity jurisdiction requires complete diversity as between plaintiffs and defendants. *Neiman v. Barazani*, 2023 U.S. App. LEXIS 19756, at *2 (9th Cir. 2023) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* (internal citations omitted). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Plaintiff sues Dr. Patrick Bennet, a psychiatrist at Stein Hospital. ECF No. 1-1. Stein Hospital is a state-run hospital in Nevada. Plaintiff did not identify Dr. Bennet's residency and, given Stein Hospital's location, the Court presumes that Dr. Bennet is a resident of Nevada. Therefore, plaintiff has failed to establish diversity jurisdiction. If plaintiff elects to amend his complaint, he should state whether there is diversity jurisdiction in his amended complaint.

### ii. Federal Question Jurisdiction

Plaintiff also failed to establish federal question jurisdiction by alleging the application of any federal law to any of his claims. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)). Plaintiff does not state any federal statutes, federal treaties, or provisions of the United States Constitution at issue that would grant this Court jurisdiction over his claims.

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Thus, the Court cannot construct an argument for jurisdiction where there is none. If plaintiff elects to amend his complaint, he should state whether there is any federal law governing his claims against defendants.

//

//

//

//

//

//

//

//

### C. CONCLUSION

Plaintiff is considered a prisoner under the PLRA. Thus, he must comply with the requirements of the PLRA, as outlined above, in submitting his IFP application. A review of the state court docket shows that plaintiff's circumstances may have changed since the filing of his complaint. In consideration of judicial economy and fairness to plaintiff, the Court defers screening plaintiff's complaint and will give him a chance to file an amended complaint that takes into account this change and the Court's concerns that are addressed above.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff has until **February 10, 2025,** to either pay the full $405 filing fee or file a new fully complete IFP application with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

3. The Clerk of Court is kindly directed to send to plaintiff a copy of the approved form for filing inmate IFP applications.

4. The Court defers substantively screening plaintiff's claims at this time. However, as stated in this Order, the Court gives plaintiff a chance to file an Amended Complaint addressing the concerns raised in thie order by **February 10, 2025**.

5. The Clerk of the Court is kindly directed to send to Plaintiff **[1]** the approved form for filing a § 1983 complaint, instructions for the same, **[2]** the approved form for filing a civil complaint, instructions for the same, **[3]** a copy of his original complaint (ECF No. 1-1), and **[4]** this Order. If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

6. Plaintiff should review the instructions for the § 1983 complaint and the civil complaint and make a determination of how he wishes to proceed with his claim.

7. If plaintiff files an Amended Complaint, the Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

8. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 16th day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.